# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CLARENCE SOLOMON,<br><br>    Petitioner,<br><br>vs.<br><br>CHARLES STEVENSON,<br><br>    Respondent. | 4:11-cv-00011-RRB-SAO<br><br>**FINAL REPORT AND RECOMMENDATION REGARDING RESPONDENT'S MOTION FOR SUMMARY ADJUDICATION**<br><br>(Docket No. 22) |

## **INTRODUCTION**

Clarence Solomon is a state prisoner convicted of Driving Under the Influence of an Intoxicating Substance under Alaska state law. He filed a federal petition for a writ of habeas corpus, claiming that the trial court erred in refusing to instruct the jury on the defense of voluntary intoxication based on his consumption of an over-the-counter flu medicine containing alcohol, as well as the trial courts failure to instruct the jury that the State must prove beyond a reasonable doubt that Solomon "knowingly" ingested an intoxicant.

The respondent, Charles Stevenson, filed a motion which will be construed as a motion to dismiss because Solomon failed to exhaust his remedies in state court as required by 28 U.S.C. 2254(b)(1)(A). Although three of Solomon's claims were properly exhausted in his Petition for Hearing to the Alaska Supreme Court, the remaining three claims were unexhausted. Because a federal habeas petition may not contain both exhausted and unexhausted claims, Solomon's petition will be dismissed to allow him to return to state court to fully exhaust his claims unless he amends his petition to contain only unexhausted claims.

## ISSUES PRESENTED

Did Solomon adequately exhaust his state remedies before the filing of his federal habeas corpus claim as required by 28 U.S.C. 2254(b)(1)(A)?

## FINDINGS OF FACT

### 1. Underlying Offense and Trial

On December 30, 2007, Clarence Solomon was driving his truck in the Fairbanks area when he was contacted by a taxi driver who noticed Solomon driving erratically.[1] The driver later told police that Solomon admitted he was intoxicated, and that he needed a ride because the axel on his truck was bent.[2] The driver refused, but agreed to follow behind Solomon as he drove to a nearby gas station.[3] In the meantime, the driver contacted police to report Solomon's suspicious behavior.[4] Several minutes after the driver and Solomon arrived at the gas station, Fairbanks Police Officer John Merrion arrived to investigate the report.[5] When Merrion contacted Solomon, he observed that Solomon's eyes were red and watery, his speech was slurred, and he swayed back and forth.[6] However, Solomon denied consuming alcohol (although he did admit that he had taken Vicodin).[7] Solomon agreed to a breath test, which showed that he had a blood alcohol content of .169 percent.[8] Solomon was arrested and charged with driving under the influence.[9]

---

[1] Solomon v. State, 227 P.3d 461, 463 (Alaska App. 2010).
[2] Id.
[3] Id.
[4] Id.
[5] Id.
[6] Id.
[7] Id.
[8] Id.
[9] Id; AS 28.35.030(a).

Solomon plead not guilty and was tried by a jury. Solomon testified at trial that he had not consumed any alcohol on the night of December 30, but he had consumed approximately 30 ounces of NyQuil to treat symptoms for the flu.[10] Solomon argued that he did not read the labels on the NyQuil bottle, and was unaware that NyQuil contained alcohol.[11] The State presented evidence that NyQuil bottles indicate that they contain 10% alcohol.[12] They also argued that 30 ounces of NyQuil contained so little alcohol that it could not explain Solomon's .169 percent blood alcohol test.[13]

Solomon's attorney requested the trial court judge to instruct the jury on the affirmative defense of involuntary intoxication and/or instruct the jury that the State must prove beyond a reasonable doubt that Solomon "knowingly ingested intoxicants."[14] The judge denied Solomon's requests, ruling that because the label indicated that NyQuil contained alcohol, Solomon was on "constructive notice" that he was consuming alcohol, even if he did not actually read the label.[15] A jury found Solomon guilty of driving under the influence.[16]

**2. State Appellate Proceedings/State Post-Conviction Relief**

Solomon appealed to the Alaska Court of Appeals, claiming that the trial court judge erred in not instructing the jury on involuntary intoxication and not instructing the jury that it must find beyond a reasonable doubt that Solomon had knowingly ingested an intoxicant.[17] The Court of Appeals determined that involuntary intoxication was a defense recognized in the state of Alaska, but that it was unavailable to Solomon because the defense only applies when the

---

[10] Id.
[11] Id.
[12] Id.
[13] Id.
[14] Id.
[15] Id. at 464.
[16] Id.
[17] Id. at 462.

defendant's consumption of alcohol was non-negligent.[18] The Court concluded that no reasonable jury could find that Solomon's failure to read the NyQuil bottle was non-negligent, and therefore the trial court judge did not err by refusing to provide Solomon's instruction.[19]

Solomon filed a Petition for Hearing in the Alaska Supreme Court on May 5, 2010.[20] The State filed a response.[21] In his Petition, Solomon made three arguments:

(I) "The Court of Appeals erred in applying the defense [of involuntary intoxication] to the evidence";[22]

(II) "The Court of Appeals erred in imposing a burden of production";[23]

(III) "The Court of Appeals erred in adopting a civil negligence standard";[24]

The Supreme Court denied the Petition without comment.[25] Solomon filed an application for post-conviction relief on July 7, 2010.[26] Solomon was appointed counsel, but Solomon chose to dismiss the application before a response was filed.[27]

### 3. Federal Habeas Proceedings

On July 12, 2011, Solomon filed a petition for a Writ of Habeas Corpus in the U.S. District Court for the District of Alaska.[28] Counsel was appointed on August 2, 2011.[29] Solomon filed an Amended Petition on November 30, 2011.[30] Solomon's Amended Petition

---

[18] Id. at 468.
[19] Id.
[20] Docket 18, Amended Petition, Ex. 14.
[21] Docket 18, Amended Petition, Ex. 15.
[22] Docket 18, Amended Petition, Ex. 14 at 6.
[23] Docket 18, Amended Petition, Ex. 14 at 7.
[24] Docket 18, Amended Petition, Ex. 14 at 7.
[25] Docket 18, Amended Petition, Ex. 16.
[26] Docket 18, Amended Petition, Ex. 17.
[27] Docket 18, Amended Petition, Ex. 18-19.
[28] Docket 1, Petition for Writ of Habeas Corpus.
[29] Docket 4, Order Directing Service and Response.
[30] Docket 18, Amended Petition.

asserts six grounds for relief – namely that the Alaska Courts violated his Fifth and Fourteenth Amendment rights under the United States Constitution with the following actions:

(1) Failing to require the Government to establish each element of the offense beyond a reasonable doubt;

(2) Failing to require the State to establish the *mens rea* element beyond a reasonable doubt;

(3) Failing to instruct the jury that the State was required to establish beyond a reasonable doubt that Solomon knowingly ingested alcohol;

(4) Allowing the trial court to determine a required element of the criminal statute, removing the issue from the jury's consideration;

(5) Allowing the trial court to shift the burden of persuasion regarding a required element of the offense from the State to the defendant;

(6) Allowing the trial court to remove a required element of the offense from the jury's consideration and refusing to instruct the jury accordingly, creating a rebuttable presumption and creating a strict liability offense.[31]

Stevenson filed a "Motion for Summary Judgment" on January 13, 2012.[32] Solomon filed a Response in Opposition on February 8, 2011.[33]

## CONCLUSIONS OF LAW

**1. Stevenson's Motion for Summary Judgment Will Be Treated as a Motion to Dismiss for Failure to Exhaust State Remedies.**

---

[31] Docket 18, Amended Writ of Habeas Corpus, 14-15.
[32] Docket 22, Motion for Summary Judgment.
[33] Docket 23, Response in Opposition regarding Motion for Summary Judgment.

Stevenson's motion is captioned as "Respondent's Motion for Summary Adjudication of Petitioner's Amended Habeas Corpus Petition".[34] However, the gravamen of Stevenson's motion is that "Solomon has raised six intertwined claims… None of these claims is exhausted." It appears that Stevenson is not intending to claim that there is no genuine dispute of material fact and that he is entitled to judgment as a matter of law,[35] but instead that Solomon's petition should be dismissed for failure to exhaust his state administrative remedies.[36] Thus, Stevenson's motion will be analyzed as a motion to dismiss, rather than as a motion for summary judgment.

**2. Three of Stevenson's Claims Were Properly Exhausted, While the Remaining Three Claims Remain Unexhausted.**

A. In order to exhaust their state remedies, a Petitioner must give the highest state court a "fair opportunity" to act on his federal claims.

In 1996, Congress passed the Antiterrorism and Effective Death Penalty Act (AEDPA),[37] legislation which "introduced a myriad of exceedingly complex procedural requirements… that a petitioner must satisfy in order to obtain merits review of claims set forth in a federal habeas petition."[38] One of those requirements is that a petitioner must exhaust all state remedies before filing a federal petition for a writ of habeas corpus.[39] The United States Supreme Court has held this to mean that the petitioner must "give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts… [and] state

---

[34] Docket 22, Motion for Summary Judgment.
[35] See Federal Rule of Civil Procedure 56(a).
[36] See 28 U.S.C. § 2254(b)(1)(A).
[37] Pub. L. No. 104-132, 110 Stat. 1214 (1996).
[38] Emily Garcia Uhrig, *The Sacrifice of Unarmed Prisoners to Gladiators: The Post-AEDPA Access-To-The-Courts Demand For a Constitutional Right to Counsel in Federal Habeas Corpus*, 14 U. Penn. L. Rev. (forthcoming 2012).
[39] See 28 U.S.C. § 2254(b)(1)(A).

prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."[40]

B. Solomon adequately exhausted the third, fourth and fifth ground for relief in his petition to the Alaska Supreme Court.

In his Petition for Hearing in the Alaska Supreme Court, Solomon presented three distinct arguments: (I) the Court of Appeals erred in applying the defense to the evidence; (II) the Court of Appeals erred in imposing a burden of production; and (III) the Court of Appeals erred in adopting a civil negligence standard.

Argument I was not referenced in Solomon's federal Amended Petition, and thus will not be considered here.

Argument II claims that the Court of Appeals "[put] the initial burden on the defendant…"[41] This "burden shifting" argument is the same argument Solomon made in his fifth ground for relief in his federal habeas petition.[42] Thus, the fifth ground for relief in Solomon's Amended Petition was properly exhausted.

Argument III of Solomon's Petition to the Alaska Supreme Court claims that the proper *mens rea* requirement under the Alaska statute should have been "knowingly". Solomon argued that the state should have to prove, beyond a reasonable doubt, that he "knowingly" ingested an intoxicant.[43] Solomon also argued that "the trial court's decision took that issue away from the jury."[44] These are the claims that Solomon presents in his third and fourth grounds for relief in

---

[40] O'Sullivan v. Boerckel, 526 U.S. 838, 845; Peterson v. Lampert, 319 F.3d 1153, 1155-56, 1159 (9th Cir.2003) (en banc).
[41] Docket 18, Amended Petition, Ex. 14 at 7.
[42] Docket 18, Amended Petition at 14.
[43] Docket 18, Amended Petition, Ex. 14 at 10.
[44] Id. at 11.

his federal habeas petition.⁴⁵ Thus, the third and fourth grounds of Solomon's Amended Petition were properly exhausted.

C. Solomon did not exhaust the first, second and sixth grounds for relief in his petition to the Alaska Supreme Court.

Although Solomon properly exhausted his third, fourth, and fifth grounds for relief, he did not adequately exhaust his first, second, and sixth grounds. His first ground, that the trial court failed to require the Government to establish each and every fact of each and every element beyond a reasonable doubt, is not referenced in his Petition to the Alaska Supreme Court. Reviewing Arguments II and III from his Petition to the Alaska Supreme Court, Solomon references that "every element is part of the prosecution's case in chief."⁴⁶ However, he does not link this argument about the elements of the offense with the burden of proof claim that forms the basis of his first ground for relief in his federal habeas petition. Thus, Solomon's first ground for relief remains unexhausted.

Solomon's second ground for relief, that the court failed to require the Government to prove the *mens rea* requirement beyond a reasonable doubt, similarly fails. Although Argument III of his Petition to the Alaska Supreme Court discusses the *mens rea* requirement at length, he does not claim that the court failed to require the government to prove the *mens rea* requirement beyond a reasonable doubt; rather, he argues that the court applied the wrong *mens rea* standard.⁴⁷ Thus, Solomon's second ground for relief is unexhausted.

Solomon's sixth ground for relief is also unexhausted. This ground reiterates the claim made in his fourth ground for relief, that the court removed from the jury's consideration issues regarding a required element of the offense, as well as claims that the court created a rebuttable

---
⁴⁵ Docket 18, Amended Petition at 14.
⁴⁶ Docket 18, Amended Petition, Ex. 14 at 7.
⁴⁷ Docket 18, Amended Petition, Ex. 14 at 7-15.

presumption and a strict liability offense.[48] Although the portion of his claim regarding removing the issue from the jury's consideration (which is identical to the claim in his fourth ground for relief) was exhausted, Solomon's claim regarding a rebuttable presumption is not found anywhere in his Petition to the Alaska Supreme Court. Further, although Solomon does reference strict liability offenses, he does so only in the context of criticizing the Alaska Supreme Court's decision in State v. Hazelwood.[49] [50]

However, a habeas petitioner only exhausts a claim in state court when he presents it to the highest state court and characterizes it as based on federal law or the United States Constitution.[51] Thus, Solomon's analysis of strict liability, which was couched only in a criticism of Hazelwood and not as part of any federal claim, did not "fairly present" Solomon's sixth ground for relief in his Petition to the Alaska Supreme Court. In fact, the only citations to federal law or the United States Constitution are to Wakinekona v. Olim[52] and In re Winship[53], neither of which are cited in relation to Solomon's strict liability analysis.[54] Therefore, Solomon's sixth ground for relief was not fairly presented to the Alaska Supreme Court, and thus remains unexhausted.

**3. Because Solomon's Petition is a "Mixed-Petition" Containing Exhausted and Unexhausted Claims, he must Amend his Petition to Continue with his Exhausted Claims or Return to State Court.**

Solomon's third, fourth and fifth grounds for relief have been exhausted by being presented to the Alaska Supreme Court in his Petition for Hearing, while his first, second and

---

[48] Docket 18, Amended Petition at 14-15.
[49] .946 P.2d 875 (Alaska 1997).
[50] Docket 18, Amended Petition, Ex. 14 at 12.
[51] Baldwin v. Reese, 541 U.S. 27, 32 (2004).
[52] 664 F.2d 708 (9th Cir. 1981), rev'd on other grounds, 461 U.S. 238 (1983).
[53] 397 U.S. 358 (1970)
[54] Docket 18, Amended Petition, Ex. 14 at 14-15.

sixth grounds for relief remain unexhausted. Such petitions are classified as "mixed petitions".[55] When a District Court is faced with such a petition, the Court must dismiss the petition and allow the petitioner to go back to state court to exhaust his claims, or permit the petitioner to amend his petition to present only exhausted claims.[56]

A. Solomon's claims may be barred by the statute of limitations if he chooses to exhaust his remaining claims in state court.

If Solomon chooses to return to state court, there is a substantial probability that his claims will be barred by the one-year statute of limitations found in the AEDPA.[57] If the District Court dismisses Solomon's petition to allow him to return to state court after the limitations period has passed, the habeas petition he would file after exhausting his remedies in state court may be dismissed as time-barred.[58]

B. Because there was no good cause for Solomon's failure to exhaust his remaining claims, Solomon is not entitled to have his federal habeas petition stayed while he exhausts his state remedies.

There is a procedure which would permit the District Court to issue a stay in the federal habeas proceedings to allow Solomon to return to state court to exhaust the remainder of his claims. This procedure, known as "stay-and-abeyance", is to be used sparingly, only in cases where "the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court", and should not be used "when his unexhausted claims are plainly meritless."[59] Solomon is not eligible for stay-and-abeyance because there was no good cause for his failure to exhaust his claims. Solomon's unexhausted claims are based on the same core of

---

[55] See Rose v. Lundy, 455 U.S. 509 (1982).
[56] Id. at 510.
[57] See 28 U.S.C. 2244 (d)(1).
[58] See Rhines v. Weber, 544 U.S. 269 (2005).
[59] Id.

operative facts as his exhausted claim: the trial court's actions and the Court of Appeals decision denying Solomon's appeal. His unexhausted claims are not based on newly discovered facts or new, retroactive constitutional rules. There is no good cause for Solomon's failure to fairly present his unexhausted claims to the Alaska Supreme Court. Thus, Solomon is not entitled to have his petition stayed pending his efforts to exhaust his remedies in state court.[60]

C. Solomon's unexhausted claims may not be eligible for federal habeas review under the "second or successive petition" bar if he chooses to abandon his unexhausted claims.

If Solomon chooses to amend his petition and proceed with only his exhausted claims, there is a substantial probability that his unexhausted claims will not be subject to habeas review in federal court. AEDPA imposes a strict limitation on "second or successive" habeas corpus petitions, allowing them in only very limited circumstances.[61] If Solomon voluntarily relinquishes his unexhausted claims, exhausts those claims in state court, and later files a second habeas corpus petition after his pending petition is adjudicated, the second petition may be dismissed as an improper second or successive petition.[62]

## CONCLUSION

Solomon has properly exhausted his third, fourth, and fifth grounds for relief as presented in his Amended Petition by fairly presenting it in his Petition for Hearing to the Alaska Supreme Court. However, Solomon did not properly exhaust his first, second or sixth grounds for relief. Thus, the Amended Petition presents both exhausted and unexhausted claims. Solomon must either proceed with only his exhausted claims, or return to state court to exhaust the remaining grounds for relief. Therefore, I recommend that Stevenson's motion to dismiss for failure to

---

[60] Because there is no good cause for Solomon's failure to exhaust his claims in state court, I do not reach the issue of whether his claims are "plainly meritless".
[61] See 28 U.S.C. § 2244(b).
[62] See, e.g. Magwood v. Patterson, 130 S.Ct. 2788, 2796 (2010).

exhaust state remedies be GRANTED unless Solomon files a Second Amended Petition containing only his third, fourth and fifth grounds for relief.

IT IS SO RECOMMENDED.

DATED this 13th day of March, 2012 at Fairbanks, Alaska.

   s/SCOTT A. ORAVEC
SCOTT A. ORAVEC
United States Magistrate Judge

Pursuant to Local Magistrate Rule 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **NOON** on **March 22, 2012** as any objections will be considered by the district judge. The failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal.[63] The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation.[64] Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed on or before **NOON** on **March 29, 2012**. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment.[65]

---

[63] McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981).
[64] United States v. Howell, 231 F.3d 615 (9th Cir. 2000).
[65] See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).