# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| CLARENCE SOLOMON, | ) | 4:11-cv-00011-RRB-SAO |
| | ) | |
| Petitioner, | ) | |
| | ) | **FINAL REPORT AND** |
| vs. | ) | **RECOMMENDATION** |
| | ) | **REGARDING RESPONDENT'S** |
| | ) | **MOTION FOR SUMMARY** |
| CHARLES STEVENSON, | ) | **ADJUDICATION** |
| | ) | |
| Respondent. | ) | (Docket No. 22) |
| | ) | |
| | ) | |
| _____ | ) | |

## INTRODUCTION

Clarence Solomon is a state prisoner convicted of Driving Under the Influence of an Intoxicating Substance under Alaska state law. He filed a federal petition for a writ of habeas corpus, claiming that the trial court erred in refusing to instruct the jury on the defense of voluntary intoxication based on his consumption of an over-the-counter flu medicine containing alcohol, as well as the trial courts failure to instruct the jury that the State must prove beyond a reasonable doubt that Solomon "knowingly" ingested an intoxicant. On March 22, 2012, Stevenson filed objections to the Report and Recommendation.[1] Solomon filed his objections on March 29, 2012.[2] The parties filed their respective replies on March 29[3] and April 5, 2012.[4]

The respondent, Charles Stevenson, has filed a motion which will be construed as a motion to dismiss because Solomon failed to exhaust his remedies in state court as required by 28 U.S.C. 2254(b)(1)(A). Although three of Solomon's claims were properly exhausted in his

---

[1] Respondent's Objection to the Report and Recommendation, Docket 32.
[2] Petitioner's Objections to the Report and Recommendation, Docket 34.
[3] Petitioner's Reply to Respondent's Objections, Docket 35.
[4] Respondent's Reply to Petitioner's Objections, Docket 36.

Petition for Hearing to the Alaska Supreme Court, the remaining three claims were unexhausted. Because a federal habeas petition may not contain both exhausted and unexhausted claims, Solomon's petition will be dismissed to allow him to return to state court to fully exhaust his claims unless he amends his petition to contain only unexhausted claims.

## ISSUES PRESENTED

Did Solomon adequately exhaust his state remedies before the filing of his federal habeas corpus claim as required by 28 U.S.C. 2254(b)(1)(A)?

## FINDINGS OF FACT

**1. Underlying Offense and Trial**

On December 30, 2007, Clarence Solomon was driving his truck in the Fairbanks area when he was contacted by a taxi driver who noticed Solomon driving erratically.[5] The driver later told police that Solomon admitted he was intoxicated, and that he needed a ride because the axel on his truck was bent.[6] The driver refused, but agreed to follow behind Solomon as he drove to a nearby gas station.[7] In the meantime, the driver contacted police to report Solomon's suspicious behavior.[8] Several minutes after the driver and Solomon arrived at the gas station, Fairbanks Police Officer John Merrion arrived to investigate the report.[9] When Merrion contacted Solomon, he observed that Solomon's eyes were red and watery, his speech was slurred, and he swayed back and forth.[10] However, Solomon denied consuming alcohol (although he did admit that he had taken Vicodin).[11] Solomon agreed to a breath test, which

---

[5] Solomon v. State, 227 P.3d 461, 463 (Alaska App. 2010).
[6] Id.
[7] Id.
[8] Id.
[9] Id.
[10] Id.
[11] Id.

showed that he had a blood alcohol content of .169 percent.[12]  Solomon was arrested and charged with driving under the influence.[13]

Solomon plead not guilty and was tried by a jury.  Solomon testified at trial that he had not consumed any alcohol on the night of December 30, but he had consumed approximately 30 ounces of NyQuil to treat symptoms for the flu.[14]  Solomon argued that he did not read the labels on the NyQuil bottle, and was unaware that NyQuil contained alcohol.[15]  The State presented evidence that NyQuil bottles indicate that they contain 10% alcohol.[16]  They also argued that 30 ounces of NyQuil contained so little alcohol that it could not explain Solomon's .169 percent blood alcohol test.[17]

Solomon's attorney requested the trial court judge to instruct the jury on the affirmative defense of involuntary intoxication and/or instruct the jury that the State must prove beyond a reasonable doubt that Solomon "knowingly ingested intoxicants."[18]  The judge denied Solomon's requests, ruling that because the label indicated that NyQuil contained alcohol, Solomon was on "constructive notice" that he was consuming alcohol, even if he did not actually read the label.[19]  A jury found Solomon guilty of driving under the influence.[20]

**2.  State Appellate Proceedings/State Post-Conviction Relief**

Solomon appealed to the Alaska Court of Appeals, claiming that the trial court judge erred in not instructing the jury on involuntary intoxication and not instructing the jury that it

---

[12] Id.
[13] Id; AS 28.35.030(a).
[14] Id.
[15] Id.
[16] Id.
[17] Id.
[18] Id.
[19] Id. at 464.
[20] Id.

must find beyond a reasonable doubt that Solomon had knowingly ingested an intoxicant.[21]  The Court of Appeals determined that involuntary intoxication was a defense recognized in the state of Alaska, but that it was unavailable to Solomon because the defense only applies when the defendant's consumption of alcohol was non-negligent.[22]  The Court concluded that no reasonable jury could find that Solomon's failure to read the NyQuil bottle was non-negligent, and therefore the trial court judge did not err by refusing to provide Solomon's instruction.[23]

Solomon filed a Petition for Hearing in the Alaska Supreme Court on May 5, 2010.[24] The State filed a response.[25]  In his Petition, Solomon made three arguments:

(I) "The Court of Appeals erred in applying the defense [of involuntary intoxication] to the evidence";[26]

(II) "The Court of Appeals erred in imposing a burden of production";[27]

(III) "The Court of Appeals erred in adopting a civil negligence standard";[28]

The Supreme Court denied the Petition without comment.[29]  Solomon filed an application for post-conviction relief on July 7, 2010.[30]  Solomon was appointed counsel, but Solomon chose to dismiss the application before a response was filed.[31]

**3.  Federal Habeas Proceedings**

On July 12, 2011, Solomon filed a petition for a Writ of Habeas Corpus in the U.S. District Court for the District of Alaska.[32]  Counsel was appointed on August 2, 2011.[33]

---

[21] Id. at 462.
[22] Id. at 468.
[23] Id.
[24] Docket 18, Amended Petition, Ex. 14.
[25] Docket 18, Amended Petition, Ex. 15.
[26] Docket 18, Amended Petition, Ex. 14 at 6.
[27] Docket 18, Amended Petition, Ex. 14 at 7.
[28] Docket 18, Amended Petition, Ex. 14 at 7.
[29] Docket 18, Amended Petition, Ex. 16.
[30] Docket 18, Amended Petition, Ex. 17.
[31] Docket 18, Amended Petition, Ex. 18-19.

Solomon filed an Amended Petition on November 30, 2011.[34] Solomon's Amended Petition asserts six grounds for relief – namely that the Alaska Courts violated his Fifth and Fourteenth Amendment rights under the United States Constitution with the following actions:

(1) Failing to require the Government to establish each element of the offense beyond a reasonable doubt;

(2) Failing to require the State to establish the *mens rea* element beyond a reasonable doubt;

(3) Failing to instruct the jury that the State was required to establish beyond a reasonable doubt that Solomon knowingly ingested alcohol;

(4) Allowing the trial court to determine a required element of the criminal statute, removing the issue from the jury's consideration;

(5) Allowing the trial court to shift the burden of persuasion regarding a required element of the offense from the State to the defendant;

(6) Allowing the trial court to remove a required element of the offense from the jury's consideration and refusing to instruct the jury accordingly, creating a rebuttable presumption and creating a strict liability offense.[35]

Stevenson filed a "Motion for Summary Judgment" on January 13, 2012.[36] Solomon filed a Response in Opposition on February 8, 2011.[37]

## CONCLUSIONS OF LAW

**1. Stevenson's Motion for Summary Judgment Will Be Treated as a Motion to Dismiss for Failure to Exhaust State Remedies.**

---

[32] Docket 1, Petition for Writ of Habeas Corpus.
[33] Docket 4, Order Directing Service and Response.
[34] Docket 18, Amended Petition.
[35] Docket 18, Amended Writ of Habeas Corpus, 14-15.
[36] Docket 22, Motion for Summary Judgment.
[37] Docket 23, Response in Opposition regarding Motion for Summary Judgment.

Stevenson's motion is captioned as "Respondent's Motion for Summary Adjudication of Petitioner's Amended Habeas Corpus Petition".[38]   However, the gravamen of Stevenson's motion is that "Solomon has raised six intertwined claims… None of these claims is exhausted." It appears that Stevenson is not intending to claim that there is no genuine dispute of material fact and that he is entitled to judgment as a matter of law,[39] but instead that Solomon's petition should be dismissed for failure to exhaust his state administrative remedies.[40]  Thus, Stevenson's motion will be analyzed as a motion to dismiss, rather than as a motion for summary judgment.

**2.  Three of Stevenson's Claims Were Properly Exhausted, While the Remaining Three Claims Remain Unexhausted.**

<u>A.  In order to exhaust their state remedies, a Petitioner must give the highest state court a "fair opportunity" to act on his federal claims.</u>

In 1996, Congress passed the Antiterrorism and Effective Death Penalty Act (AEDPA),[41] legislation which "introduced a myriad of exceedingly complex procedural requirements… that a petitioner must satisfy in order to obtain merits review of claims set forth in a federal habeas petition."[42]  One of those requirements is that a petitioner must exhaust all state remedies before filing a federal petition for a writ of habeas corpus.[43]  The United States Supreme Court has held this to mean that the petitioner must "give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts… [and] state

---

[38] Docket 22, Motion for Summary Judgment.
[39] <u>See</u> Federal Rule of Civil Procedure 56(a).
[40] <u>See</u> 28 U.S.C. § 2254(b)(1)(A).
[41] Pub. L. No. 104-132, 110 Stat. 1214 (1996).
[42] Emily Garcia Uhrig, *The Sacrifice of Unarmed Prisoners to Gladiators: The Post-AEDPA Access-To-The-Courts Demand For a Constitutional Right to Counsel in Federal Habeas Corpus*, 14 U. Penn. L. Rev. (forthcoming 2012).
[43] <u>See</u> 28 U.S.C. § 2254(b)(1)(A).

prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."[44]

**B. Solomon adequately exhausted the third, fourth and fifth ground for relief in his petition to the Alaska Supreme Court.**

In his Petition for Hearing in the Alaska Supreme Court, Solomon presented three distinct arguments: (I) the Court of Appeals erred in applying the defense to the evidence; (II) the Court of Appeals erred in imposing a burden of production; and (III) the Court of Appeals erred in adopting a civil negligence standard.

Argument I was not referenced in Solomon's federal Amended Petition, and thus will not be considered here.

Argument II claims that the Court of Appeals "[put] the initial burden on the defendant…"[45] This "burden shifting" argument is the same argument Solomon made in his fifth ground for relief in his federal habeas petition.[46] Thus, the fifth ground for relief in Solomon's Amended Petition was properly exhausted.

Argument III of Solomon's Petition to the Alaska Supreme Court claims that the proper *mens rea* requirement under the Alaska statute should have been "knowingly". Solomon argued that the state should have to prove, beyond a reasonable doubt, that he "knowingly" ingested an intoxicant.[47] Solomon also argued that "the trial court's decision took that issue away from the jury."[48] These are the claims that Solomon presents in his third and fourth grounds for relief in

---

[44] O'Sullivan v. Boerckel, 526 U.S. 838, 845; Peterson v. Lampert, 319 F.3d 1153, 1155-56, 1159 (9th Cir.2003) (en banc).
[45] Docket 18, Amended Petition, Ex. 14 at 7.
[46] Docket 18, Amended Petition at 14.
[47] Docket 18, Amended Petition, Ex. 14 at 10.
[48] Id. at 11.

his federal habeas petition.[49] Thus, the third and fourth grounds of Solomon's Amended Petition were properly exhausted.

## C. Solomon did not exhaust the first, second and sixth grounds for relief in his petition to the Alaska Supreme Court.

Although Solomon properly exhausted his third, fourth, and fifth grounds for relief, he did not adequately exhaust his first, second, and sixth grounds. His first ground, that the trial court failed to require the Government to establish each and every fact of each and every element beyond a reasonable doubt, is not referenced in his Petition to the Alaska Supreme Court. Reviewing Arguments II and III from his Petition to the Alaska Supreme Court, Solomon references that "every element is part of the prosecution's case in chief."[50] However, he does not link this argument about the elements of the offense with the burden of proof claim that forms the basis of his first ground for relief in his federal habeas petition. Thus, Solomon's first ground for relief remains unexhausted.

Solomon's second ground for relief, that the court failed to require the Government to prove the *mens rea* requirement beyond a reasonable doubt similarly fails. Although Argument III of his Petition to the Alaska Supreme Court discusses the *mens rea* requirement at length, he does not claim that the court failed to require the government to prove the *mens rea* requirement beyond a reasonable doubt; rather, he argues that the court applied the wrong *mens rea* standard.[51] Thus, Solomon's second ground for relief is unexhausted.

Solomon's sixth ground for relief is also unexhausted. This ground reiterates the claim made in his fourth ground for relief, that the court removed from the jury's consideration issues regarding a required element of the offense, as well as claims that the court created a rebuttable

---

[49] Docket 18, Amended Petition at 14.
[50] Docket 18, Amended Petition, Ex. 14 at 7.
[51] Docket 18, Amended Petition, Ex. 14 at 7-15.

presumption and a strict liability offense.[52]   Although the portion of his claim regarding

removing the issue from the jury's consideration (which is identical to the claim in his fourth

ground for relief) was exhausted, Solomon's claim regarding a rebuttable presumption is not

found anywhere in his Petition to the Alaska Supreme Court.  Further, although Solomon does

reference strict liability offenses, he does so only in the context of criticizing the Alaska Supreme

Court's decision in State v. Hazelwood.[53] [54]

However, a habeas petitioner only exhausts a claim in state court when he presents it to

the highest state court and characterizes it as based on federal law or the United States

Constitution.[55]   Thus, Solomon's analysis of strict liability, which was couched only in a

criticism of Hazelwood and not as part of any federal claim, did not "fairly present" Solomon's

sixth ground for relief in his Petition to the Alaska Supreme Court.  In fact, the only citations to

federal law or the United States Constitution are to Wakinekona v. Olim[56] and In re Winship[57],

neither of which are cited in relation to Solomon's strict liability analysis.[58]   Therefore,

Solomon's sixth ground for relief was not fairly presented to the Alaska Supreme Court, and thus

remains unexhausted.


**3.     Because Solomon's Petition is a "Mixed-Petition" Containing Exhausted and Unexhausted Claims, he must Choose to Amend his Petition to Continue with his Exhausted Claims or Return to State Court.**

Solomon's third, fourth and fifth grounds for relief have been exhausted by being

presented to the Alaska Supreme Court in his Petition for Hearing, while his first, second and

---

[52] Docket 18, Amended Petition at 14-15.
[53] .946 P.2d 875 (Alaska 1997).
[54] Docket 18, Amended Petition, Ex. 14 at 12
[55] Baldwin v. Reese, 541 U.S. 27, 32 (2004).
[56] 664 F.2d 708 (9th Cir. 1981), rev'd on other grounds, 461 U.S. 238 (1983).
[57] 397 U.S. 358 (1970)
[58] Docket 18, Amended Petition, Ex. 14 at 14-15.

sixth grounds for relief remain unexhausted. Such petitions are classified as "mixed petitions".[59]

When a District Court is faced with such a petition, the Court must dismiss the petition and allow

the petitioner to go back to state court to exhaust his claims, or permit the petitioner to amend his

petition to present only exhausted claims.[60]

**A.  Solomon's claims may be barred by the statute of limitations if he chooses to exhaust his remaining claims in state court.**

If Solomon chooses to return to state court, there is a substantial probability that his

claims will be barred by the one-year statute of limitations found in the AEDPA.[61]  If the District

Court dismisses Solomon's petition to allow him to return to state court after the limitations

period has passed, the habeas petition he would file after exhausting his remedies in state court

may be dismissed as time-barred.[62]

**B.  Because there was no good cause for Solomon's failure to exhaust his remaining claims, Solomon is not entitled to have his federal habeas petition stayed while he exhausts his state remedies.**

There is a procedure which would permit the District Court to issue a stay in the federal

habeas proceedings to allow Solomon to return to state court to exhaust the remainder of his

claims.  This procedure, known as "stay-and-abeyance", is to be used sparingly, only in cases

where "the district court determines there was good cause for the petitioner's failure to exhaust

his claims first in state court", and should not be used "when his unexhausted claims are plainly

meritless."[63]  Solomon is not eligible for stay-and-abeyance because there was no good cause for

his failure to exhaust his claims.  Solomon's unexhausted claims are based on the same core of

---

[59] See Rose v. Lundy, 455 U.S. 509 (1982).
[60] Id. at 510.
[61] See 28 U.S.C. 2244 (d)(1).
[62] See Rhines v. Weber, 544 U.S. 269 (2005).
[63] Id.

operative facts as his exhausted claim: the trial court's actions and the Court of Appeals decision denying Solomon's appeal. His unexhausted claims are not based on newly discovered facts or new, retroactive constitutional rules. There is no good cause for Solomon's failure to fairly present his unexhausted claims to the Alaska Supreme Court. Thus, Solomon is not entitled to have his petition stayed pending his efforts to exhaust his remedies in state court.[64]

### C. Solomon's unexhausted claims may not be eligible for federal habeas review under the "second or successive petition" bar if he chooses to abandon his unexhausted claims.

If Solomon chooses to amend his petition and proceed with only his exhausted claims, there is a substantial probability that his unexhausted claims will not be subject to habeas review in federal court. AEDPA imposes a strict limitation on "second or successive" habeas corpus petitions, allowing them in only very limited circumstances.[65] If Solomon voluntarily relinquishes his unexhausted claims, exhausts those claims in state court, and later files a second habeas corpus petition after his pending petition is adjudicated, the second petition may be dismissed as an improper second or successive petition.[66]

## DISCUSSION OF OBJECTIONS

### 1. Solomon's Objections to the Report and Recommendation

Solomon makes five objections to the Final Report and Recommendation.

### A. "Magic words or phrases."

Solomon claims that the Final Report and Recommendation incorrectly found that his first, second and sixth claims were unexhausted because Solomon claims he was not required to use "any magic words or phrases to preserve a federal claim." While this is true, Solomon was

---

[64] Because there is no evidence of good cause for Solomon's failure to exhaust his claims in state court, I do not reach the issue of whether his claims are "plainly meritless".

[65] See 28 U.S.C. § 2244(b).

[66] See, e.g. Magwood v. Patterson, 130 S.Ct. 2788, 2796 (2010).

required to put the Alaska Supreme Court on notice that he was making a federal constitutional claim by describing both the operative facts and the federal legal theory on which his claim was based.[67]   Thus, while he was not required to use any "magic words", he was required to adequately alert the state court to both the operative legal theory and factual scenario underlying his claims.   For the reasons previously set forth in the Final Report and Recommendation, Solomon failed to do so with regards to his first, second and sixth claims.

B. Legal arguments and citations were sufficient.

Solomon contends that his use of the phrase "every element is part of the prosecution's [sic] case in chief" and a later citation to In re Winship in his brief were sufficient to fairly present his first claim to the Alaska Supreme Court.  However, a "conclusory, scattershot citation of federal constitutional provisions, divorced from any articulated federal legal theory," is insufficient to sufficiently exhaust a claim in state court.[68]   Here, Solomon contends that citing the legal argument at the beginning of the brief, but waiting to cite the case until the end of the brief does not "eviscerate the concept and/or the argument."   A short argument at the beginning of a brief and a citation to a case at the end of the brief does not meet this standard.  However, this type of argument represents the "scattershot" approach specifically rejected by the Ninth Circuit.  Solomon was required to put the Alaska Supreme Court on notice that he was making a federal constitutional claim by describing both the operative facts and the federal legal theory on which his claim is based.[69]

C. The unexhausted claims were "in essence" the same as the exhausted claims.

---

[67] Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003) (as amended).
[68] Castillo v. McFadden, 399 F.3d 993, 1002 (9th Cir. 2005).
[69] Kelly v. Small, 315 F.3d at 1066 (as amended).

Solomon contends that his first, second and sixth claims, which the Final Report and Recommendation found were unexhausted, are "in essence" the same has his properly exhausted third, fourth and fifth claims.[70]  However, Solomon was required to "fairly present" his claims to the Alaska Court of Appeals, rather than present claims which are "in essence" the same as those he is attempting to raise in federal court while seeking habeas relief.  While the Ninth Circuit has held that a habeas petitioner "has 'fairly presented' a claim not named in the petition if it is 'sufficiently related' to an exhausted claim," there is no evidence that has occurred in this case.[71]  Unlike prior cases that found unexhausted claims were "sufficiently related", Solomon was obviously aware of the claims he made before the Alaska Court of Appeals and could have made identical arguments before both the Alaska Court of Appeals and the District Court, but nevertheless chose not to present identical claims.  Thus, there is no way to say that Solomon's unexhausted claims are "in essence" the same as his exhausted claims constitutes "fair presentment" of his claims as required under AEDPA.

D. Legal arguments and citations were sufficient to alert the Court to "the core" of the claims.

Solomon contends that his general argument that the state trial court removed a determination of fact from the jury, coupled with the citations to In re Winship and Sandstrom v. Montana elsewhere in his brief, were sufficient to alert the Alaska Supreme Court as to the "core" of his federal constitutional claims.  However, each claim must be exhausted individually, based on the specific facts underlying the claim and the specific reference to the federal

---

[70] The Government contends that, if that is true, they should be struck as redundant pursuant to Federal Rule of Civil Procedure 12(f).  However, "there appears to be general judicial agreement… that [motions to strike] should be denied unless the challenged allegations… may cause some form of significant prejudice."  Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure, § 1382 (3d ed. 2012); Neilson v. Union Bank of California, N.A., 290 F.Supp.2d 1101, 1151-52 (C.D. Cal. 2003).   Here, the Government makes no allegation of any prejudice as a result of the inclusion of the supposed redundant claims.  Thus, there is no basis to strike Solomon's first, second and sixth claims.

[71] Wooten v. Kirkland, 540 F.3d 1019, 1025 (9th Cir. 2008) (citing Lounsbury v. Thompson, 374 F.3d 785, 788 (9th Cir.2004)).

13

constitution basis for the claim. Specifically, "citation of a relevant constitutional provision in relation to some other claim does not satisfy the exhaustion requirement."[72] Thus, Solomon's arguments and citations could not fairly present "the core" of his claims to the Alaska Supreme Court, because each claim needed to be individually presented on the basis of its facts and constitutional legal arguments.

### E. The claims were fairly presented when read with the Alaska Court of Appeals decision.

Solomon contends that he adequately exhausted his claims because his petition to the Alaska Supreme Court should be read in its entirety with the Alaska Court of Appeals decision, which should have put the Alaska Supreme Court on notice as to the nature of his federal constitutional claims. However, this argument is specifically foreclosed by the U.S. Supreme Court's opinion in Baldwin v. Reese in which the Court found that a state appellate court was not required to read the opinion of a lower state court. [73] The Court held "a state prisoner does not "fairly present" a claim to a state court if that court must read beyond a petition or a brief… that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."[74] Thus, even if the Alaska Supreme Court *could* have been made aware of Solomon's claims by reading the Court of Appeals decision, the State Supreme Court Justices were not *required* to do so, and their failure to do so does not otherwise excuse Solomon's failure to fairly present his first, second and sixth claims to that Court.

### 2. Stevenson's Objections to the Report and Recommendation.

Stevenson makes two objections to the Report and Recommendation.

### A. The Report and Recommendation did not make any findings of federal issues.

---

[72] Castillo, 399 F.3d at 999.
[73] 541 U.S. 27 (2004)
[74] Baldwin v. Reese, 541 U.S. at 32; see also Castillo, 399 F.3d at 1000.

constitution basis for the claim. Specifically, "citation of a relevant constitutional provision in relation to some other claim does not satisfy the exhaustion requirement."[72] Thus, Solomon's arguments and citations could not fairly present "the core" of his claims to the Alaska Supreme Court, because each claim needed to be individually presented on the basis of its facts and constitutional legal arguments.

### E. The claims were fairly presented when read with the Alaska Court of Appeals decision.

Solomon contends that he adequately exhausted his claims because his petition to the Alaska Supreme Court should be read in its entirety with the Alaska Court of Appeals decision, which should have put the Alaska Supreme Court on notice as to the nature of his federal constitutional claims. However, this argument is specifically foreclosed by the U.S. Supreme Court's opinion in Baldwin v. Reese in which the Court found that a state appellate court was not required to read the opinion of a lower state court. [73] The Court held "a state prisoner does not "fairly present" a claim to a state court if that court must read beyond a petition or a brief… that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."[74] Thus, even if the Alaska Supreme Court *could* have been made aware of Solomon's claims by reading the Court of Appeals decision, the State Supreme Court Justices were not *required* to do so, and their failure to do so does not otherwise excuse Solomon's failure to fairly present his first, second and sixth claims to that Court.

### 2. Stevenson's Objections to the Report and Recommendation.

Stevenson makes two objections to the Report and Recommendation.

### A. The Report and Recommendation did not make any findings of federal issues.

---

[72] Castillo, 399 F.3d at 999.
[73] 541 U.S. 27 (2004)
[74] Baldwin v. Reese, 541 U.S. at 32; see also Castillo, 399 F.3d at 1000.

Stevenson contends that the conclusions in the Report and Recommendation regarding the proper exhaustion of the second, third and fourth claims are unsupported because there was no explicit finding that Solomon raised a federal claim in his petition to the Alaska Supreme Court.

Stevenson argues that the Ninth Circuit's opinion in United States v. Carty requires the District Court to make an explicit finding that Solomon raised a federal claim in his petition to the Alaska Supreme Court.[75]  In Carty, the court held that a federal District Court was required to explain the sentence it selects for a criminal defendant in order to permit meaningful appellate review.  Stevenson contends that the lack of an explicit finding that Solomon raised a federal issue in state court "hinders meaningful review" in this case.  However, Stevenson's citation of Carty is inapposite.  A criminal sentence imposed by a District Court judge is reviewed by the appellate court for "reasonableness." [76]  The Ninth Circuit's reference to the need for a clear statement to permit meaningful review is relevant in Carty because the appellate courts are reviewing the *discretion* exercised by the District Judge.  In reviewing a motion to dismiss for failure to exhaust state remedies (such as the instant motion), the District Judge must make findings of fact and law, but does not generally exercise his or her discretion.  Thus, the concerns present in Carty, that lack of explicit justification for imposing a particular criminal sentence will hamper appellate review of the District Court's exercise of discretion, is simply not relevant to the present case.

Even if explicit findings of a federal constitutional issue are not required, I nevertheless find that Solomon did fairly present a federal constitutional issue with regard to his third, fourth and fifth claims.  AEDPA requires that a habeas petitioner "fairly present" their claims to the

---

[75] 520 F.3d 984, 992 (9th Cir. 2008).  Stevenson's brief mistakenly cited 520 **F.2d** 984.
[76] United States v. Booker, 543 U.S. 220, 261 (2005).

state court.[77]  A claim is fairly presented by indicating both the federal law and relevant facts upon which the claim is based.[78]  Solomon spent five pages recounting the facts leading to his conviction and the errors he assigned to the state courts.[79]  Solomon then cited <u>Valentine v. State</u>[80] which denied a similar challenge on constitutional grounds[81], as well as <u>In re Winship</u>, which engages in federal constitutional analysis regarding the necessity to prove, beyond a reasonable doubt, every fact necessary to constitute a crime.[82]  Taken together, I find that Solomon did raise a federal constitutional issue before the Alaska Supreme Court, and thus his third, fourth and fifth claims were properly exhausted.

B. Solomon did not exhaust any claims regarding burden of persuasion.

Stevenson contends that Solomon did not adequately exhaust his fifth claim because the relevant portion of the petition to the Alaska Supreme Court was labeled as "The Court of Appeals erred in imposing a burden of production".  However, in his Amended Petition, Solomon's fifth claim is that "Alaska Courts violated the Due Process Clauses contained in the Fifth and/or Fourteenth Amendments of the United States Constitution by allowing the trial court to shift the *burden of persuasion* regarding a [sic] required element of the DUI offense from the State to the defendant." (emphasis added).  There is clearly a difference between the burden of production and the burden of persuasion; one legal scholar noted the difference as "[t]he burden of producing evidence on an issue means the liability to an adverse ruling (generally a finding or directed verdict) if evidence on the issue has not been produced… The burden of persuasion becomes a crucial factor only if the parties have sustained their burdens of producing evidence

---

[77] <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004).
[78] <u>See, e.g. Shumway v. Payne</u>, 223 F.3d 992 (9th Cir. 2000).
[79] First Amended Petition, Docket 18, Ex. 14 at 2-6.
[80] 155 P.23 331 (Alaska App. 2007), <u>rev'd</u>, 215 P.3d 319 (Alaska 2009).
[81] Citing state court cases that engage in federal constitutional analysis is sufficient to satisfy the exhaustion requirement.  <u>See Peterson v. Lampert</u>, 319 F.3d 1153, 1157-58 (9th Cir.2003) (en banc)
[82] 397 U.S. 358, 364 (1970).

and only when all of the evidence has been introduced."[83]    However, Solomon's argument, despite being titled "burden of production", clearly also addresses the burden of persuasion: "But this formulation rests on the assumption that, so long as the question, once raised, ultimately goes to the jury, *and the prosecution ultimately shoulders its burden*, putting the initial burden on the defendant violates no constitutional precept."[84]    Although Solomon's petition to the Alaska Supreme Court was not a model of precision and eloquence, such is not required.  Solomon was required to "fairly present" his claim to the Alaska Court of Appeals, and the portion of his brief cited above did so.

## CONCLUSION

Solomon has properly exhausted his third, fourth, and fifth grounds for relief as presented in his Amended Petition by fairly presenting it in his Petition for Hearing to the Alaska Supreme Court.  However, Solomon did not properly exhaust his first, second or sixth grounds for relief. Thus, the Amended Petition presents both exhausted and unexhausted claims.  Solomon must either proceed with only his exhausted claims, or return to state court to exhaust the remaining grounds for relief.  Therefore, I recommend that Stevenson's motion to dismiss for failure to exhaust state remedies be GRANTED unless Solomon files a Second Amended Petition containing only his third, fourth and fifth grounds for relief.

IT IS SO RECOMMENDED.

DATED this 4th day of May, 2012 at Fairbanks, Alaska.

_  s/SCOTT A. ORAVEC_____
SCOTT A. ORAVEC
United States Magistrate Judge

---

[83] Kenneth S. Broun, <u>McCormick on Evidence</u>, §336 (6th ed. 2009)
[84] Docket 18, Amended Petition, Ex. 14, Petition for Hearing at 7.